(No. 46886

ELIZABETH ANN REINHARDT, Appellee, v. BOARD OF EDUCATION OF ALTON COMMUNITY UNIT SCHOOL DISTRICT NO. 11, Appellant.

*Opinion filed June 2, 1975.*

Harold G. Baker, Jr., of Belleville (John M. Ferguson, of counsel), for appellant.

Richard Shaikewitz, of Wiseman, Shaikewitz, McGivern, Bacus, Wahl, of Alton, for appellee.

David Rubin and J. Stuart Lemle, of Washington, D. C., for *amicus curiae* National Education Association.

Lawrence J. Weiner, of Weiner, Wexler & Spak, of Chicago, for *amicus curiae* Illinois Education Association.

MR. JUSTICE WARD delivered the opinion of the court:

On February 29, 1972, the defendant, the Board of Education of Alton Community Unit School District No. 11 (hereafter "the Board"), adopted a resolution discharging the plaintiff, Elizabeth Ann Reinhardt, a tenured kindergarten teacher in the school district (hereafter "the teacher"), for "immorality" and because "the interest of the schools of this school district require such dismissal."

(Ill. Rev. Stat. 1971, ch. 122, par. 10–22.4.) After a hearing (Ill. Rev. Stat. 1971, ch. 122, par. 24–12), requested by the teacher, the Board in effect affirmed its resolution, and the teacher was dismissed. She filed a complaint for review (Ill. Rev. Stat. 1971, ch. 122, par. 24–16) under the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*). The circuit court reversed the Board and ordered the teacher reinstated. The appellate court affirmed (19 Ill. App. 3d 481), and we granted the Board's petition for leave to appeal.

The proceeding to dismiss was brought by the Board under section 10–22.4 of the School Code. (Ill. Rev. Stat. 1971, ch. 122, par. 10–22.4.) The section provides: "[The school board shall have the power] To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause and to dismiss any teacher, whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it ***."

The Board's resolution referred to a report made to it by the Superintendent of Schools and the Board's counsel and stated that the report was to be "embodied" within the minutes of the Board's meeting. The resolution provided that a copy of it and a copy of the report be served upon the plaintiff.

The report set out that though the plaintiff is now married she had conceived a child when she was not legally married; that while she was teaching her pregnancy "was a matter of open and notorious concern and discussion among her fellow teachers, among the parents of her pupils, and among other citizens and residents in the School District, and caused her to be the subject of public scorn and ridicule. Parents have stated that, in view of Mrs. Reinhardt's pregnancy, Mrs. Reinhardt will not be allowed to teach their children." The report charged further that in November 1971 the plaintiff had falsely advised her principal that she was not pregnant and alleged too that she had retained funds from the school district which

under the rules of the Board she had not been entitled to receive. It also was charged that "there was available to Mrs. Reinhardt either an informal *** or a formal maternity leave" and that she did not make a timely request for leave. Had she done so, it was stated, "her condition could have been kept secret or at least out of the public domain, and her failure led to the open and notorious discussions." The resolution and the report declared that "none of [the] grounds for dismissal is remediable." See Ill. Rev. Stat. 1971, ch. 122, par. 24—12.

The resolution and report both stated that the plaintiff should be dismissed on the ground of immorality and because the interests of the schools of the district required such dismissal.

The record shows that at the conclusion of the hearing the president of the Board polled the Board on the teacher's motion to dismiss the proceeding and to reinstate her. The members voted no on her motion and the president then polled the Board on the question whether "reasons or causes" existed for the teacher's dismissal. The vote was yes and the president then said the hearing was concluded and asked for a motion to adjourn. A motion was made and voted upon, and the proceeding was adjourned. There were no findings by the Board.

The judgment of the appellate court must be vacated and the case remanded to the Board for a further proceeding to include the entering of findings by that administrative body.

It is clear that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's decision. The Supreme Court in *Securities and Exchange Com. v. Chenery Corp.,* 318 U.S. 80, 94, 87 L. Ed. 626, 63 S. Ct. 454, described the requirement stating that "the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." See *Kotrich v. County of Du Page,* 19 Ill.2d 181,

188; *Maywood Park Trotting Association v. Illinois Harness Racing Com.*, 15 Ill.2d 559, 563; *International Harvester Co. v. Zoning Board of Appeals*, 43 Ill. App. 2d 440, 449; see also 2 Davis, Administrative Law Treatise, sec. 16.01.

As we have stated above there were a number of allegations made against the plaintiff. There was the charge that she had become pregnant while she was unmarried and that she had falsely told her principal she was not pregnant. It was alleged that her conduct was a cause of notorious discussion among teachers and parents of pupils and was the cause of adverse public comment. The resolution stated her failure to apply for a maternity leave, which failure prevented the concealment of her condition. This may suggest the Board considered the ground for complaint was remediable, though the resolution said it was not. (See Ill. Rev. Stat. 1971, ch. 122, par. 24–12.) Another charge was that the plaintiff had improperly retained funds to which she was not entitled; but a witness testified that she had offered to return the funds (given her as back pay). The record of the hearing shows there was testimony that six or eight teachers had orally complained about the plaintiff and that there had been an anonymous letter of complaint and one from the former wife of the father of the plaintiff's child, who is now the plaintiff's husband. The record shows too that the plaintiff was called as a witness at the hearing and that her attorney declined to allow her to testify on fifth amendment grounds. The Board by its vote said there were "reasons or causes" for the plaintiff's dismissal. However, we do not know what the Board considered they were. We do not know what evidence the Board accepted and what it may have rejected and what it was that may or may not have been contrary to the manifest weight of the evidence. There can be no judging whether a ground relied on by the Board was constitutionally proper or not, for there were no findings. In short, there can be no judicial review on the

record before us.

For the reasons given, the judgments of the circuit and appellate courts are vacated and the cause is remanded to the circuit court of Madison County with directions to remand to the Board under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 275(f)) for further proceedings consistent with this opinion.

*Judgments vacated; cause remanded, with directions.*