(No. 47489

AMPERSAND, INC., Appellee, v. MORGAN M. FINLEY *et al.*, Appellants.

*Opinion filed September 26, 1975.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, and Paul P. Biebel, Jr., Assistant State's Attorney, of counsel), for appellants.

Prins, Flamm & Susman, Ltd., and Neistein, Richman, Hauslinger & Young, Ltd., both of Chicago (Arnold M. Flamm, Harry A. Young, Jr., and Arthur T. Susman, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is a class action suit for an injunction and declaratory judgment challenging the constitutionality of a Cook County ordinance which directs the clerk of the circuit court of Cook County to collect a county law library fee of $2 to be paid at the time of the filing of the first pleading or other appearance by each party in all civil cases. The ordinance provides that the charge is assessable as costs and that it supersedes "An Act in relation to the establishment, maintenance and operation of county law libraries," approved May 5, 1961 (Ill. Rev. Stat. 1973, ch. 81, par. 81).

The language of the ordinance is substantially the same as that of the Act which it purports to supersede except the amount of the filing fee is increased by the ordinance from $1 to $2. This court declared the Act to be constitutional in *Ali v. Danaher*, 47 Ill.2d 231, and neither party now questions its validity. However, *Ali v. Danaher* is neither controlling nor relevant to the dispositive issue in this case because here the validity of the local governmental ordinance must be based upon the authority of Cook County to enact the same under its home rule powers.

The plaintiff, Ampersand, Inc., an Illinois corporation, filed suit individually and on behalf of all who have been required or will be required by the ordinance to pay the library fee. The defendants moved to dismiss the complaint. The trial court denied the motion and upon a

representation by the defendants that they would stand on their motion the court entered a final judgment declaring the county ordinance void. In addition the court ordered that $1 of each fee collected be held in a segregated fund. The appeal by the defendants was transferred to this court pursuant to Rule 302(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(b)). The defendants contend that the ordinance is a valid exercise of the home rule authority which Cook County possesses under section 6(a) of article VII of the 1970 Constitution.

The grant of power to a home rule unit as found in that section of the 1970 Constitution provides in part:

> "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt."

The terms of this grant are broad and imprecise and were purposely left without definition. (See Thorpe, *An Analysis of Anticipated Problems Under the New Home Rule Article of the Illinois Constitution,* 50 Ill. Mun. Rev. 4 (1971); Biebel, *Home Rule in Illinois After Two Years: An Uncertain Beginning,* 6 John Marshall J. Prac. & Proc. 253, 262 (1973); 4 Record of Proceedings, Sixth Illinois Constitutional Convention 3056 (hereinafter Proceedings).) It was the intention of the constitutional convention to refrain from writing into the Constitution what has been referred to as a "laundry list" setting forth all areas to be designated as of statewide concern or all areas to be designated as being of local concern. (Parkhurst, *Article VII—Local Government,* 52 Chicago Bar Record 94, 100 (1970).) However, to insure that the general language used in section 6(a) would not be construed so as to deny to home rule units powers the convention considered essential, four specific powers were enumerated, *i.e.,* to regulate for public welfare, to license, to tax and to incur debt. (Report of Local Government Committee, 7 Proceedings

1622-28.) It was acknowledged in the constitutional debates that by virtue of the general language of the grant and the qualifying phrase "pertaining to its government and affairs" the right of a home rule unit to exercise any power will ultimately depend upon an interpretation by this court as to whether or not the power exercised is within the grant of section 6(a). 4 Proceedings 3052.

The late Professor David C. Baum, counsel to the convention's local government committee, stated that the most general and uncertain limitation upon home rule power is found in the language of the home rule grant itself. "Section 6(a) of article VII gives a home rule unit authority to exercise only those powers and to perform only those functions pertaining to its government and affairs." (Baum, *A Tentative Survey of Illinois Home Rule (Part I): Powers and Limitations,* 1972 U. Ill. L.F. 137, 152.) Continuing on page 153, Professor Baum stated: "[T]he question is not whether the 'pertaining to . . .' language should limit the home rule grant, but rather how extensive the limitation should be."

The local government committee, explaining the intended extent of this limitation, stated in its report to the constitutional convention, "It is clear, however, that the powers of home rule units relate to their own problems, not to those of the state or the nation. Their powers should not extend to such matters as divorce, real property law, trusts, contracts, etc. which are generally recognized as falling within the competence of state rather than local authorities. Thus the proposed grant of powers to local governments extends only to matters 'pertaining to their government and affairs'." 7 Proceedings 1621.

The committee availed itself of a further opportunity to explain the extent of the limitation of the phrase "pertaining to its government and affairs" by setting forth in its report several examples of what are and what are not valid home rule powers. Two examples of the limitation on the power to regulate are given:

"Home-Rule County adopts an ordinance providing for limits upon rates of interest that may be charged on mortgage and other loans to residents of the county. This ordinance is not valid. The interest-control ordinance is not included in the home-rule powers granted by [section 6(a)] because of the extensive federal and state regulation of credit institutions."

Another example:

"Home-Rule City adopts an ordinance limiting the rates that may be charged by the telephone company for local calls. Long standing state regulation of utility rates precludes this subject from being considered a matter pertaining to home-rule government and affairs." (7 Proceedings 1652.

With the above materials in mind, we turn to the issues of this case.

The defendants contend that the filing fee is a tax and since it is for the purpose of supporting a county law library which the county is authorized by statute (Ill. Rev. Stat. 1973, ch. 81, par. 81) to maintain, the tax relates to the government and affairs of Cook County.

The plaintiff, for sake of this case, assumes that the maintenance of the law library pertains to the government and affairs of Cook County and is a home rule function. Also plaintiff concedes that Cook County has the power to levy taxes to support the library or, for that purpose, to impose charges on those who use the library. However, plaintiff contends that a home rule unit has no authority to impose a filing fee as a condition precedent to a litigant's right of access to the courts of this State. The administration of justice, plaintiff contends, is not a function of the local governmental unit wherein the court is located but is a matter of statewide concern under article VI of the Constitution of 1970.

In construing the ordinance we must be mindful of

the mandate of section 6(m) of article VII of the Constitution that "Powers and functions of home rule units shall be construed liberally." However, such powers are not absolute, and in construing the ordinance we must also consider that, as stated by the local government committee, "the powers of home rule units relate to their own problems, not to those of the state or the nation." (7 Proceedings 1621.) Although mindful of the liberal construction mandate, we have struck down home rule ordinances where they did not pertain to the government or affairs of the local unit. See *Bridgman v. Korzen,* 54 Ill.2d 74; *Paper Supply Co. v. City of Chicago,* 57 Ill.2d 553; *Cummings v. Daley,* 58 Ill.2d 1.

Under our constitution of 1870 local courts could be established as provided by statute. In *People ex rel. Soble v. Gill,* 358 Ill. 261, this court held that the municipal court of Chicago was a local court and that the city, as provided by statute, had the authority to fix the fees charged to litigants in that court.

However, the amendment to article VI of the Constitution of 1870, effective January 1, 1964, established a unified court system throughout this State. Under the amendment there was no authority for the continuance of local courts nor was there any provision in the amendment for the creation or authorization of local courts by the legislature. The same scheme prevails under the 1970 Constitution. Only one unified court system operating statewide is contemplated. Article VI of the 1970 Constitution does not contemplate nor does it authorize the exercise of any control over or permit the imposition of a burden on the judicial system by any local entity.

The administration of justice under our constitution is a matter of statewide concern and does not pertain to local government or affairs. Since, as explained by the local government committee, the powers of a home rule unit relate only to its own affairs and not to those of the State, we conclude that the ordinance imposing the filing fee is

invalid. The charge of the fee, whether characterized as a tax or otherwise, as a condition to the right to litigate in the courts is a burden which cannot be imposed by a home rule unit. We cannot accept defendants' argument that since the operation of the library is a local function so also is the imposition of the fee to support it. The payment of the fee under the ordinance is the price of admission to the courts of the State of Illinois and not to the Cook County Law Library. Following the reasoning of the local government committee as expressed in the examples quoted above, the dominant interest which the State has in the administration of justice by virtue of article VI of the Constitution "precludes this subject from being considered a matter pertaining to home-rule government and affairs." The interest here differs from that of the State in *City of Chicago v. Pollution Control Board,* 59 Ill.2d 484. There we held that the interest of the State was not such as to preclude a home rule unit from acting but permitted concurrent action by the State and local governmental units.

In view of our disposition of this case it is unnecessary to consider other questions raised concerning the validity of the ordinance. The judgment of the circuit court of Cook County is affirmed and the cause is remanded to that court for further proceedings.

*Affirmed and remanded.*