VIRGINIA HAGERSTROM, Plaintiff-Appellant, *v.* CLAY CITY COMMUNITY UNIT SCHOOL DISTRICT NO. 10, Defendant-Appellee.

Fifth District No. 75-150

Opinion filed January 27, 1976.—Rehearing denied March 11, 1976.

Kritzer, Stansell & Critser, of Monmouth (Richard Whitman, of counsel), for appellant.

William R. Todd and William Robin Todd, both of Flora, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff-appellant, Virginia Hagerstrom, filed a petition for administrative review in the Circuit Court of Clay County from a decision of defendant agency, Clay City Community School District No. 10, terminating for cause her position as a tenured teacher. After briefs were heard, the court affirmed the decision of the school board. Plaintiff appeals, alleging both constitutional and procedural infirmities in the dismissal proceedings.

Plaintiff's dismissal was based upon allegations of lack of discipline in classrooms, improper use of corporal punishment and poor teaching practices. Although conflicting evidence was presented at the hearing before the school board as to all of these allegations, plaintiff has not specifically attacked the sufficiency of the evidence below. In addition, plaintiff concedes that the procedures set forth in The School Code (Ill. Rev. Stat. 1973, ch. 122, par. 1—1 et seq.) for dismissal of teachers in contractual continued service (tenure) were followed. It is her contention, however, that the procedure set forth in the Code denied her due process of law.

Section 24—12 of the Code provided, at the time of plaintiff's dismissal that, at the teacher's request, a hearing be held before the board to review its initial decision to dismiss the teacher. The statute further

provided that the teacher could appear with counsel, cross-examine witnesses and present evidence. After the hearing, the board, by majority vote, was to decide whether to sustain or vacate the prior decision.

Mrs. Hagerstrom contends that the procedure allowing the school board to sit in review of its own prior decision denied her the right to a hearing before an impartial tribunal. The argument is not a novel one and has been rejected by other appellate courts. (*Pittel v. Board of Education,* 20 Ill. App. 3d 580, 315 N.E.2d 179 (1974); *Tetmeir v. Board of Education,* 5 Ill. App. 3d 982, 284 N.E.2d 380 (1972); contra, *Glover v. Board of Education,* 21 Ill. App. 3d 1053, 316 N.E.2d 534 (1974), Mr. Justice Craven dissenting.) On the other hand, the United States Supreme Court commented unfavorably upon the procedure established by section 24—12 while holding that the due process issue was not properly preserved. (*Pickering v. Board of Education,* 391 U.S. 563, 578, 20 L. Ed. 2d 811, 823, 88 S. Ct. 1731, 1740, n. 2 (1968).) More recently, in *Withrow v. Larkin,* 421 U.S. 35, 43 L. Ed. 2d 712, 95 S. Ct. 1456 (1975), the Court held that combined investigative and adjudicative functions in an administrative agency do not necessarily deprive a litigant of a hearing before a fairly constituted tribunal and that further evidence must be produced to overcome the presumption of the honesty and integrity of the adjudicators which indicates a substantial risk of actual bias or prejudgment. In a footnote to that opinion (n. 25), however, the Court distinguished situations such as the present one where a decision-making body is called upon to review its own prior decision. The Court noted unspecified "problems" occurring in the latter situation but did not discuss them. The distinction between the two situations, however, has been described as "questionable." 89 Harvard Law Review 1, 76 (1975).

The Illinois legislature has recently responded to the criticism of section 24—12 voiced here by appellant. Public Act 79-561, effective August 26, 1975, amends section 24—12 to provide for an independent hearing officer who is to conduct a formal hearing and render a decision once the school board passes a motion containing "specific charges" against a teacher. In the instant case, therefore, we are not required to proceed further than to determine if Mrs. Hagerstrom was unfairly dismissed from her position.

We would be inclined to adopt the view expressed by Mr. Justice Craven in the dissenting opinion in *Glover v. Board of Education* and the caveat expressed in *Pickering v. Board of Education.* We have therefore departed from the usual standard of review of decisions of administrative agencies, which is to afford great weight to the factfinding process (Ill. Rev. Stat. 1973, ch. 110, par. 274), and to disturb this process

only where the decision is against the manifest weight of the evidence. *Davern v. Civil Service Com.*, 47 Ill. 2d 469, 269 N.E.2d 713 (1970).

Instead we have conducted a full and independent review of the record before us (see *Pickering v. Board of Education*) and feel compelled to conclude that sufficient evidence was presented, not here challenged, to justify the action of the Board, keeping in mind at all times the board's duty as governing body of the district to the public it serves and its power under section 10—22.4 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 10—22.4) to dismiss teachers "whenever, in its opinion, the interests of the schools require it," subject, of course, to procedural safeguards.

Again we would emphasize that we do not understand plaintiff to quarrel with the facts as presented to the board, but rather to suggest that an independent decision maker might conclude that dismissal was not necessary or justified on the facts presented. Our independent review of the record, however, leads us to conclude that the decision reached was the only reasonable one. Even should we remand for rehearing under the new procedure, no different result could reasonably be expected. While we do not support or approve the procedure previously contained in section 24—12, we are convinced that Mrs. Hagerstrom was not treated unfairly and that a review by any other person or body would support the board's decision.

■■ Appellant contends that she was denied a fair hearing because the high school principal, the main witness against appellant, was allowed to refer extensively to notes without a foundation having been laid for their use. Appellee contends that appellant has waived any error in this regard by failing to object at the hearing. Appellant did object generally on a few occasions but all objections were overruled. The record is unclear as to what "notes" were used by the witness but does reveal that virtually all of the matters related by the witness were contained in the several exhibits admitted into evidence before the board without objection. Therefore, although the lengthy testimony was repetitive and unnecessary and perhaps unduly extended the proceedings, the witness' testimony in no way could have prejudiced Mrs. Hagerstrom before the board.

The judgment of the Circuit Court of Clay County is affirmed.

Affirmed.

JONES and CARTER, JJ., concur.