ROBERT D. FORBERG, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF MARKHAM *et al.,* Defendants-Appellees.

First District (5th Division)   Nos. 61165, 61391 cons.

Opinion filed July 9, 1976.

Silverman and Kite, of Chicago, for appellant.

Edward L. Sylvestrak, of Tinley Park, for appellees.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order which affirmed the decision of

defendant (Board) discharging plaintiff from its police department. On appeal he contends that the Board's decision was invalid because (1) it failed to include findings of fact, and (2) it was barred by laches.

Since the substantive occurrences which induced this hearing are not relevant to any of the issues presented for review, we will proceed immediately to discuss the Board's decision to discharge plaintiff.

Following a hearing before the Board, plaintiff was notified by letter, dated March 17, 1974, that "It is the decision of the Board * * * in the matter of charges brought before the Board * * * that the Respondent, Robert D. Forberg, be dismissed" from the service of the City of Markham and its police department, effective March 18, 1974, at 12:01 a.m. On March 20, 1974, the Board released a document entitled "Findings and Decision of the Board." The document detailed the Board's investigation and hearings, and specifically found that plaintiff, as charged, threatened the lives of William Sparger and Glenn Huggins, issued commissions into the department to persons for his personal advantage, and commanded a fellow officer to sign a false police report, all in violation of departmental and statutory proscriptions. The document concluded with an order stating that plaintiff "be and hereby is discharged from his position as a sergeant of police in the Police Department of the City of Markham and from services of the City of Markham." The chairman, secretary and commissioner of the Board all executed the document.

Thereafter, plaintiff filed a complaint for administrative review pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1973, ch. 110, par. 264 et seq.) After the Board answered, plaintiff filed "Specifications of Error" which included his contentions on appeal. The trial court's order affirmed the Board's decision of March 20, 1974, and this appeal followed.

OPINION

■■ Plaintiff contends that the Board's decision was invalid because it failed to include findings of fact. He argues that the Board's letter of March 17, 1974, which notified him of his dismissal and did not include any findings of fact, was its decision since the letter performed the ultimate act of discharge, and, therefore, the subsequent filing of "Findings and Decision of the Board" had no legal effect. Section 10—2.1—17 of the Illinois Municipal Code provides for the discharge of police officers and for judicial review of police board's final administrative decisions. (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17.) An administrative decision is defined by statute as any decision, order or determination of an agency which affects the legal rights, duties or privileges of the parties and which terminates the proceedings before the agency. (Ill. Rev. Stat. 1973, ch. 110, par. 264.) In addition, Illinois courts have held that

administrative decisions must be accompanied by findings of fact so that the basis for the decision can be determined and the decision be judicially reviewed. *Reinhardt v. Board of Education*, 61 Ill. 2d 101, 329 N.E.2d 218; *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners*, 31 Ill. App. 3d 173, 334 N.E.2d 325.

■■ In the instant case, we believe the "Findings and Decision of the Board" issued on March 20, 1974, constituted its final adminstrative decision. Although the letter of March 17, 1974, did affect plaintiff's legal rights, it did not terminate the proceedings of the agency as required by the Administrative Review Act. The letter served an informational purpose which tended to decrease the anxiety inherent in waiting for the Board's formal order. The Board did not terminate its proceedings when the letter was written, but rather promptly compiled a decision supported by findings of fact whose sufficiency plaintiff has not attacked in this appeal. The Board acted within two days òf the date of discharge stated in its earlier letter. Plaintiff's complaint for administrative review was not filed until March 23, 1974, three days after the "Findings and Decision of the Board" were issued. Consequently, we do not believe that plaintiff's rights were substantially prejudiced by the short interval between the Board's letter and its decision. Technical errors which do not materially affect the rights of a party and result in substantial injustice to him do not constitute grounds for reversal of an adminstrative decision. Ill. Rev. Stat. 1973, ch. 110, par. 275(a).

Plaintiff's reliance upon *Pearce Hospital Foundation v. Illinois Public Aid Com.*, 15 Ill. 2d 301, 154 N.E.2d 691, is unfounded. In *Pearce*, the Commission's letter terminated its proceedings and, therefore, was held to be its decision. No other orders or proceedings were initiated by the Commission. Here, the Board continued to dispose of plaintiff's hearing and promptly issued its formal decision.

■■ Plaintiff also contends that the discharge was barred by laches since the incidents in question occurred 11 to 32 months before charges were filed. He argued in the trial court that this delay was prejudicial *per se*. A delay of 39 to 44 months has been held to be prejudicial where the factual disputes involved were solely dependent upon recollection. (*Mank v. Board of Fire & Police Commissioners*, 7 Ill. App. 3d 478, 288 N.E.2d 49.) In the instant case, plaintiff has offered no evidence that he was prejudiced by the delays of this cause nor that the factual disputes were solely dependent upon recollection. Therefore, we must reject plaintiff's final contention.

For the reasons stated above, we affirm the order of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.