THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 150, Plaintiff-Appellee, *v.* THE CITY OF PEORIA, Defendant-Appellant.

Third District   No. 76-532

*Opinion filed May 31, 1977.*

Glenn H. Collier, City Attorney, of Peoria, for appellant.

Julian Cannell, of Kavanagh, Scully, Sudow, White & Frederick, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a declaratory judgment entered by the Circuit Court of Peoria County which declared that the defendant city of Peoria did not have jurisdiction under a Fair Employment Practices Ordinance and an ordinance establishing a Fair Employment and Housing Commission to regulate the employment practices of the plaintiff School District No. 150. The trial court permanently enjoined the defendant city from exercising any of the regulatory powers provided by its ordinances as to the plaintiff school district.

The parties to this cause entered into an agreed statement of facts which are as follows. The plaintiff school district was created by a special act of our General Assembly in 1867 and has existed both within and without the boundaries of the defendant city since the date of its creation. The territory encompassed by the plaintiff district includes part of the city of Peoria, West Peoria, and unincorporated areas within Peoria County. The defendant city since 1970 has been and now is a "unit of local government" and "home rule unit" as defined by the 1970 Constitution of

the State of Illinois, article VII, section 6. On October 1, 1974, the defendant city adopted Ordinances 9535 and 9536 which created a Fair Employment and Housing Commission. On August 28, 1975, Raymond C. Lilly filed a charge of unfair employment practices with the Commission and a second charge of unfair employment practices was filed with the Commission by Helen C. W. Ballard on October 7, 1975. The plaintiff school district by its counsel advised the defendant city's equal opportunity officer that the school district was subject to State regulation regarding its labor practices and that the city had no jurisdiction to regulate the school district as to such subject. We will set forth additional facts which we deem pertinent as we direct our attention to a determination of the issue presented by this appeal.

The basic question which is to be determined is whether the employment practices of School District No. 150 are subject to regulation by the city of Peoria, a municipality operating under home rule powers.

In directing our attention to this question we deem it important to note that the plaintiff school district's boundaries are not coterminous with those of the defendant city of Peoria. The territory encompassed by the school district includes West Peoria and other substantial unincorporated areas in Peoria County. There also are three other school districts which serve the residents of the city of Peoria, but their territory is located almost entirely outside the city's corporate limits.

With the adoption of our 1970 State Constitution there came into being throughout our State certain counties and a large number of municipalities known as "Home Rule Units." The constitutional provision which created and empowered such units reads as follows:

> "(a) A County which has a chief executive officer elected by the electors of the county and any municipality which has a population of more than 25,000 are home rule units. Other municipalities may elect by referendum to become home rule units. Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt.
>
> * * *
>
> (m) Powers and functions of home rule units shall be construed liberally." Ill. Const. 1970, art. VII, §6(a) and (m).

Our supreme court made an in depth examination of the limitations imposed on the exercise of powers granted to "Home Rule Units." (See *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 338 N.E.2d 15.) In *Ampersand* the supreme court's opinion noted that the home rule grant was purposely left broad and imprecise and that ultimate construction of

the qualifying phrase "pertaining to its government and affairs" was a matter for the courts.

The local government committee of the Sixth Illinois Constitutional Convention in its Report to the Constitutional Convention in explaining the intended extent of the limitations as to the power of "Home Rule Units" stated:

> "It is clear, however, that the powers of home rule units relate to their own problems, not to those of the state or the nation. Their powers should not extend to such matters as divorce, real property law, trusts, contracts, etc. which are generally recognized as falling within the competence of state rather than local authorities. Thus the proposed grant of power to local governments extends only to matters 'pertaining to their government and affairs.'" 7 Record of Proceedings, Sixth Illinois Constitutional Convention 1621.

■■ In construing the ordinances of the defendant city in the instant case we are not unmindful of the mandate section 6(m) of article VII of the constitution which provides that "Powers and functions of home rule units shall be construed liberally." However, such powers are not absolute, and in construing the ordinances we must also consider that, as stated by the local government committee, "the powers of home rule units relate to their own problems, not to those of the state or nation." See *Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 540, 338 N.E.2d 15.

The establishment, maintenance, regulation and control of education in Illinois has long been fulfilled and accomplished under the auspices of our State government. Article X of our present State Constitution specifically provides that it shall be incumbent upon our State government to provide for and finance the educational system within our State.

■■ ■ In our judgment we harbor serious doubts concerning the application of the ordinances in question since it is extremely difficult if not impossible to find that they pertain to government and affairs of the defendant city of Peoria within the meaning and intent of section 6(a). (Ill. Const. 1970, art. VII, §6(a).) We, however, need not make such a broad determination in the instant case since the ordinances are violations of another rule of law established by our supreme court, to-wit, "that to permit a regional district to be regulated by a part of that region is incompatible with the purpose for which it was created." *Metropolitan Sanitary District v. City of Des Plaines* (1976), 63 Ill. 2d 256, 261, 347 N.E.2d 716.

We are confronted in this appeal with the situation where we have a plaintiff school district, clearly regional both geographically and in the scope of its activities, and the defendant city, being a part of that region, is attempting to impose some regulatory measures on the entire region. If such regulation were permitted it would be incompatible with the

purpose for which the plaintiff school district was created. We must therefore hold that the application of the defendant city's ordinances to the plaintiff school district is not within the grant of home rule power under section 6(a) of article VII of the 1970 Constitution.

The judgment of the Circuit Court of Peoria County is hereby affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.