BOARD OF EDUCATION OF VALLEY VIEW COMMUNITY UNIT
SCHOOL DISTRICT NO. 365U, Plaintiff-Appellee and Defendant-Appellant, *v.*
FAYE FILE, Defendant-Appellant and Plaintiff-Appellee.—(ILLINOIS STATE
BOARD OF EDUCATION *et al.*, Defendants-Appellees.)

Third District    No. 80-31

Opinion filed October 29, 1980.—Rehearing denied December 9, 1980.

Lawrence Jay Weiner, of Lawrence Jay Weiner Associates, of Chicago, for appellant.

Barry L. Moss, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This case comes to this court on appeal from a judgment of the circuit court of Will County which, on administrative review, reversed the decision of hearing officer Joseph V. McKenna rendered under section 24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12), and remanded the cause to the Illinois State Board of Education for a hearing *de novo*. There are a myriad of issues raised by the parties to this appeal, ranging from the constitutionality of section 24—12 of the School Code to whether the decision of hearing officer McKenna was contrary to the manifest weight of the evidence. However, as this case unfolds it will

become apparent that only two issues are determinative: First, must the decision of a hearing officer rendered pursuant to section 24—12 of the School Code be accompanied by written findings; and second, if the answer to the first is in the affirmative, what is the proper disposition of a hearing officer's decision that is rendered devoid of any written findings on administrative review.

Briefly, the factual background of this case is as follows. Effective June 30, 1976, Faye File, a tenured teacher, was dismissed by the Board of Education of Valley View Community School District No. 365U, Will County, Illinois. Pending a hearing pursuant to section 24—12 of the School Code, Mrs. File was suspended without pay. Hearing officer Joseph V. McKenna was appointed to preside at Mrs. File's hearing, which commenced on September 28, 1976. The hearing lasted 13 days, which were spread over a nine-month period, and concluded May 6, 1977. All post-hearing briefs were filed by July 11, 1977.

On February 13, 1978, hearing officer McKenna wrote a letter to the assistant legal advisor of the Illinois State Board of Education, explaining that as a result of his heavy work load and the File hearing's length and complexity he would be unable to render a decision in the File case by February 21. He did, however, assure the Illinois State Board of Education that he would complete his work on this matter no later than April 30, 1978.

On May 30, 1978, the hearing officer wrote a second letter, this one to both the Illinois Office of Education and counsel for the litigants. McKenna stated in this letter that as a result of serious health problems and pending heart surgery he was rendering a decision without explanation, which was to follow as soon as he was able to return to work. The hearing officer ruled:

1. The dismissal of Faye File was not for just cause.

2. Mrs. File was to be reinstated, and, preferably, transferred to a position with new supervisors; and

3. Mrs. File was to receive one year of back pay in accordance with her contract with the local school district.

On June 23, 1978, the plaintiff Board of Education filed a complaint for administrative review under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) in the circuit court of Will County (No. W78G1791MR). Defendant File followed on July 5, 1978, with her complaint for administrative review in which she sought full salary for the entire period for which she was suspended (No. W78G1888MR). On January 31, 1979, these two cases were consolidated.

On July 11, 1979, the circuit court of Will County rendered its decision. Finding that the lack of written findings of fact by the hearing officer precluded judicial review of his decision, the circuit court held

that "since there were no findings of fact by the Hearing Officer, and since the time has long expired for the supplying of such findings of fact, the Order of Joseph V. McKenna, Hearing Officer, of May 30, 1978, is reversed in whole, and held null and void, and this cause is remanded to the Illinois State Board of Education, so that a new and different Hearing Officer may be selected, and hearing de novo of the issues of this cause." It is from this judgment that both Mrs. File and the local board of education appealed.

"When this court reviews any decision of a circuit court which has handed down an opinion under the Administrative Review Act it is confronted with two questions: (1) Does the record show that the steps and procedures required by law were taken, and (2) If so, is or is not the decision of the board or administrative agency against the manifest weight of the evidence?" (*Waller v. Board of Education* (1973), 13 Ill. App. 3d 1056, 1058, 302 N.E.2d 190, 192.) Before we reach these issues, however, two threshold issues must be met and discussed. The first concerns the constitutionality of section 24—12 of the School Code; the second concerns the finality of hearing officer McKenna's decision.

In both the circuit court and this court, the School Board has taken the position that section 24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) is unconstitutional because it violates article X, section 1 of the 1970 Illinois Constitution (Ill. Const. 1970, art. X, §1). Article X, section 1, states in pertinent part that "[t]he State shall provide for an efficient system of high quality public educational institutions and services." The school board contends that if the ultimate power to dismiss tenured faculty rests with an impartial hearing officer under section 24—12, control over the schools by local boards of education will be lost and an "efficient system" of high quality education becomes a goal impossible to attain.

Prior to August 26, 1975, removal or dismissal of a tenured teacher for a reason other than a decrease in the number of teachers employed or discontinuance of a particular teaching service was accomplished by a majority vote of all members of a local school board upon specific charges and if requested, a hearing before the local board (Ill. Rev. Stat. 1973, ch. 122, par. 24—12). Although the Illinois Supreme Court found that the dismissal procedure did not violate due process in the absence of proof that an actual prejudice to the dismissed teacher existed (*Gilliland v. Board of Education* (1977), 67 Ill. 2d 143, 365 N.E.2d 322), concern was voiced elsewhere that a procedure whereby a local board functioned as prosecutor, witness, judge, and jury was too susceptible to abuse (*Gilliland v. Board of Education* (1976), 35 Ill. App. 3d 861, 343 N.E.2d 704, rev'd (1977), 67 Ill. 2d 143, 365 N.E.2d 322; see *Hagerstrom v. Clay City Community School District No. 10* (1976), 36 Ill. App. 3d 1, 343 N.E.2d

249). Perhaps as a result of these concerns, section 24—12 was amended by Public Act 79-561 in August of 1975. Under the provisions of this act, the local school board's hearing functions were placed with an impartial hearing officer. Despite its lack of reservation about the earlier dismissal procedure, the supreme court admitted that the new procedure involving a hearing officer was "certainly preferable." *Gilliland*, 67 Ill. 2d 143, 156, 365 N.E.2d 322, 327.

■■ The School Board here contends that the dismissal procedure of section 24—12, utilizing an impartial and independent hearing officer, usurps the power of local boards to dismiss and remove teachers. Public Act 79-561, however, did not affect the power of local boards to dismiss for just cause. Those powers still belong to local boards by virtue of section 10—22.4 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 10—22.4). Section 24—12 merely governs the procedure by which those dismissals are accomplished. Indeed, the power of a local board to dismiss a tenured teacher was subject to the provisions of section 24—12 prior to the enactment of Public Act 79-561 (Ill. Rev. Stat. 1973, ch. 122, par. 10—22.4). The current provisions of section 24—12 cannot be said to unconstitutionally infringe upon the power of local boards to dismiss because only the form of hearing to which the finality of the dismissal is subject has been altered by Public Act 79-561.

"The establishment, maintenance, regulation and control of education in Illinois has long been fulfilled and accomplished under the auspices of our State government." (*Board of Education v. City of Peoria* (1977), 48 Ill. App. 3d 1051, 1054, 363 N.E.2d 648, 650.) One of the branches of our State government, the General Assembly, has determined that the potential for abuse present where a local board of education itself decides whether it had just cause to remove a tenured teacher from its employment could be eliminated by replacing the local board with an impartial hearing officer. Another branch, represented by our supreme court, has recognized the introduction of an impartial hearing officer into the dismissal procedure to be "preferable" to the earlier procedure wherein the local board acted as prosecutor, witness, judge and jury. (*Gilliland.*) The plaintiff school board's contention that the utilization of an impartial hearing officer to determine whether just cause exists for the dismissal of a tenured teacher deprives local boards of their power to hire and fire teachers is without merit because, as we have previously stated, this power under section 10.22—4 is unaffected by the provisions of section 24—12 which govern only the dismissal procedure. We do not believe that the plaintiff school board has presented a valid reason for contravening the express legislative directive of section 24—12, and replacing it with an often criticized, once rejected, and considerably less preferable procedure. The use of impartial hearing officers in the dismissal process

is based upon a rational, logical purpose, and is not inimical to the constitutional mandate of an efficient system of high quality education in this State. We therefore conclude that as regards article X, section 1 of the 1970 Illinois Constitution, section 24—12 is constitutionally sound.

The second threshold issue we must address before we can meet the more dispositive issues presented in this case concerns the finality of the May 30, 1978, order of hearing officer McKenna. Under section 24—16 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—16), the Administrative Review Act "shall apply to and govern all proceedings instituted for the judicial review of final administrative decisions of a hearing officer under section 24—12 * * *." "Administrative decision" is defined under section 1 of the Administrative Review Act as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." (Ill. Rev. Stat. 1977, ch. 110, par. 264.) The defendant File argues that hearing officer McKenna's decision was not a final order subject to judicial review because it was not accompanied by findings of fact. Although we note that Rule 7 of the Rules and Regulations Governing the Procedure for the Dismissal of Tenured Teachers in the State of Illinois, promulgated by the Illinois State Board of Education, requires that the hearing officer's decision "shall include findings of fact," we do not believe the failing of the hearing officer to submit written findings in conjunction with his decision makes that decision any less a final order. For all practical purposes, McKenna's order of May 30, 1978, terminated the proceedings before him, and fixed the rights and liabilities of both the Board and Mrs. File.

■■ The defendant File places principal reliance on *Forberg v. Board of Fire & Police Commissioners* (1976), 40 Ill. App. 3d 410, 352 N.E.2d 338, in support of her position that McKenna's order of May 30, 1978, was not a final order. In *Forberg*, the defendant Board, following a hearing, informed the plaintiff by letter that it had decided to dismiss him from the Markham Police Department. Two days later, the Board released a document entitled "Findings and Decision of the Board," which set out in some detail the results of the Board's investigation and the evidence adduced at the hearing. The document concluded with an order again stating that the plaintiff was dismissed from the Markham Police Department, and was signed by the chairman, secretary, and commissioner of the Board. On appeal from an affirmance of the Board's order by the circuit court, the plaintiff contended that the Board's original letter to him informing him of its decision constituted a final order which was invalid

because it failed to include any findings of fact. The court, however, disagreed:

> "In the instant case, we believe the 'Findings and Decision of the Board' issued on March 20, 1974, constituted its final administrative decision. Although the letter of March 17, 1974, did affect plaintiff's legal rights, it did not terminate the proceedings of the agency as required by the Administrative Review Act. The letter served an informational purpose which tended to decrease the anxiety inherent in waiting for the Board's formal order. The Board did not terminate its proceedings when the letter was written, but rather *promptly* compiled a decision supported by findings of fact whose sufficiency plaintiff has not attacked in this appeal. *The Board acted within two days of the date of discharge stated in its earlier letter.* Plaintiff's complaint for administrative review was not filed until March 23, 1974, three days after the 'Findings and Decision of the Board' were issued. Consequently, we do not believe that plaintiff's rights were substantially prejudiced by the short interval between the Board's letter and its decision."

(Emphasis added.) (40 Ill. App. 3d 410, 412, 352 N.E.2d 338, 340.) We believe that *Forberg* was correctly decided, but is factually inapposite to the case at bar. In *Forberg*, full written findings and a formal decision followed soon after the plaintiff was notified of the Board's decision. No prejudice was worked to the plaintiff because of the short interval of time between the notification letter and the formal decision. The same cannot be said for a case such as the case at bar, where no written findings were forthcoming before the initiation of the administrative review proceedings, nor since have such findings been forthcoming. It has now been well over two years since hearing officer McKenna rendered his decision. On the basis of this past performance it is unlikely that written findings will ever be supplied, save by court order. A holding by this court that McKenna's decision will not be a final order for purposes of the Administrative Review Act until full written findings are supplied will undoubtedly hurl this case into a legal limbo for perpetuity. Given the legal effect of McKenna's decision upon the parties to this litigation, and the failure of the hearing officer to supply written findings promptly, we believe the ends of justice are best served by classifying McKenna's order of May 30, 1978, as final and subject to judicial review under the Administrative Review Act even in the absence of findings. (See *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218.) However, even though the order may be final, it may not be reviewable. It is to this question that we next address ourselves.

The main reason given by the circuit court for reversing hearing

officer McKenna's decision on administrative review was the failure of McKenna to provide written findings to support and explain his order. The seminal case on the necessity of findings by an administrative agency is *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218. In *Reinhardt*, the plaintiff, a tenured teacher, was dismissed by the defendant school board for "immorality" arising out of her pregnancy while unmarried (Ill. Rev. Stat. 1971, ch. 122, par. 10—22.4). At a hearing before the school board pursuant to the procedure then in effect (Ill. Rev. Stat. 1971, ch. 122, par. 24—12), the school board was polled as to whether "reasons or causes" existed for the plaintiff's dismissal. The vote was in the affirmative, and the hearing concluded. There were no findings by the board. (61 Ill. 2d 101, 103, 329 N.E.2d 218, 220.) The plaintiff subsequently sought administrative review of the board's decision (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*). The circuit court reversed the board, and ordered the plaintiff reinstated. The appellate court affirmed, and the Illinois Supreme Court granted the board's petition for leave to appeal.

On appeal, the supreme court vacated the judgments of the lower courts on the ground that lack of findings by the board precluded judicial review. Prefacing its comments by stating "[i]t is clear that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's decision" (61 Ill. 2d 101, 103, 329 N.E.2d 218, 220), the supreme court concluded:

> "The Board by its vote said there were 'reasons or causes' for the plaintiff's dismissal. However, we do not know what the Board considered they were. We do not know what evidence the Board accepted and what it may have rejected and what it was that may or may not have been contrary to the manifest weight of the evidence. There can be no judging whether a ground relied on by the Board was constitutionally proper or not, for there were no findings. In short, there can be no judicial review on the record before us." (61 Ill. 2d 101, 104, 329 N.E.2d 218, 220.)

Accord, *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69; *Shallow v. Police Board* (1978), 60 Ill. App. 3d 113, 376 N.E.2d 1025; see *Melrose Park National Bank v. Zoning Board of Appeals* (1979), 79 Ill. App. 3d 56, 398 N.E.2d 252; *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 334 N.E.2d 325; *Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 334 N.E.2d 370; *cf. Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 388 N.E.2d 398; *Board of Education v. County Board of School Trustees* (1978), 60 Ill. App. 3d 415, 376 N.E.2d 1054 (*Reinhardt* distinguishable on facts).

In the instant case, the May 30, 1978, order of hearing officer McKenna merely states that the dismissal of the defendant was not for just cause. It is a bare decision, nothing more. On the basis of *Reinhardt*

and its progeny, we agree with the circuit court that absent written findings of fact supporting his decision, the May 30, 1978, order of hearing officer McKenna, although a final order, is not reviewable by a court under the Administrative Review Act.

Our determination that the lack of findings renders the hearing officer's order nonreviewable leaves us to consider the propriety of the circuit court's disposition of this cause. As previously stated, the circuit court found that the lack of findings rendered the order null and void, and consequently reversed and remanded to the State Board of Education for a hearing *de novo*. Although the lack of findings certainly renders McKenna's order incapable of judicial review, we do not believe that his order is null and void. McKenna's order, for Administrative Review Act purposes, is defective in only one regard: it lacks findings. Rather than nullifying all that has previously occurred in this litigation, we believe the posture and facts warrant an attempt to cure the defect.

Under section 12(1)(f) of the Administrative Review Act, the circuit court has the power "where a hearing has been held by the agency, to reverse and remand the decision in whole or in part, and in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper." (Ill. Rev. Stat. 1979, ch. 110, par. 275(1)(f).) By virtue of Supreme Court Rule 366(a), this court may exercise the same powers. (Ill. Rev. Stat. 1979, ch. 110A, par. 366(a).) Accordingly, we believe that the ends of justice would be best served in this case by remanding the cause to Joseph McKenna for the purpose of obtaining from him written findings that will render his order capable of judicial review. Although we understand the circuit court's hesitancy in remanding the case to the same hearing officer, a hearing *de novo* before a new hearing officer is unnecessary. All McKenna's order lacks is findings. Remanding to him for written findings not only will permit judicial review of his order under the Administrative Review Act, but will save all of the litigants the enormous expense of beginning this litigation anew. Further, remandment to the same hearing officer is not novel. In *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69, we remanded the cause to the same hearing officer for reconsideration of his decision in light of the appropriate standard of review. Certainly, we are requiring less of hearing officer McKenna in the instant case. We are obviously not requiring reconsideration of his opinion, but rather the evidentiary support it lacks.

We have considered the drawbacks in remanding this case to officer McKenna that have been brought to our attention by the plaintiff School Board. However, we do not feel they mandate a different disposition of this case. It is true that Mr. McKenna has been named as a party to this litigation. However, such a fact did not cause us in *Ingels* to remand to a

different hearing officer. Further, although we realize Mr. McKenna's reputation as a competent and effective hearing officer has been impugned in both these proceedings and those below, we do not believe this will affect his ability to prepare findings supportive of his decision. The mandate in section 24—12 that the hearing officer is to be impartial is unaffected by our decision to remand to Mr. McKenna. There is no indication in the record before us that during the hearing or at the time he rendered his decision Mr. McKenna was anything but an impartial hearing officer. In short, the requirements of section 24—12 that the hearing be before an impartial hearing officer have been met. Finally, we realize the difficulty inherent in requiring Mr. McKenna to provide findings more than three years after the conclusion of the hearing. However, we believe that this disposition is preferable at this stage of the litigation to a remandment for a new, costly, and very lengthy hearing.

Because of our disposition in this cause, we need not address the other issues raised by the parties on appeal. *Waller v. Board of Education* (1973), 13 Ill. App. 3d 1056, 302 N.E.2d 190.

For these reasons, we vacate the judgment of the circuit court of Will County, and remand this cause to hearing officer Joseph V. McKenna for written findings supporting his decision rendered in In the Matter of Arbitration Between Valley View Community School District 365U and Faye File, on May 30, 1978. We further order that Mr. McKenna use all reasonable dispatch in preparing such findings.

Judgment vacated and cause remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.