THE BOARD OF EDUCATION OF MINOOKA COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 201, Plaintiff-Appellee, *v.* DOROTHY INGELS *et al.*, Defendants-Appellants.

Third District No. 78-435

Opinion filed August 23, 1979.

R. W. Deffenbaugh, of Drach, Terrell and Deffenbaugh, P. C., of Springfield, for appellants.

Richard R. Wilder, of Morris, and Ben A. Goodin, of Harlan, Heller, Ltd., of Aurora, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This case arises under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) and comes to this court by way of appeal from the Circuit Court of Grundy County. At issue is the correctness of a circuit court determination reversing the decision of David W. Adelman, an administrative hearing officer. The ultimate question is whether a tenured teacher, Dorothy Ingels, was properly dismissed by her employer, the Board of Education of Minooka Community Consolidated School District No. 201 (hereinafter Board of Education).

On December 9, 1976, the plaintiff, Board of Education, authorized by duly adopted resolution that a notice to remedy certain teaching deficiencies be served upon the defendant Ingels in her capacity as a tenured certificated teacher and employee of plaintiff. Several months passed after such notice issued, and, according to plaintiff's version of events, Ingels failed to remedy the deficiencies in her teaching performance. The Board of Education responded on March 9, 1977, when its members voted to serve Ingels with a notice of charges and dismissal.

Because the defendant did not waive her right to such, a hearing was held before hearing officer Adelman wherein evidence was presented by the plaintiff to support the causes for dismissal enumerated in the aforementioned notice and amplified by a bill of particulars. The causes for dismissal directed at the defendant were as follows:

> "1. You have failed to remedy deficiencies which were brought to your attention in the Notice to Remedy * * *.
>
> 2. You have failed to follow the instructions of your supervisors and cooperate with them.
>
> 3. In the opinion of the Board of Education, you are incompetent and not qualified to teach.
>
> 4. In the opinion of the Board of Education, your dismissal is in the best interest of the school."

These causes and specific charges which underlie them were exhaustively reviewed before the hearing officer resulting in over 1100 pages of transcribed testimony.

The hearing officer reached his decision on December 5, 1977. He concluded that a clear and convincing level of proof had not been forthcoming from the Board of Education. It is apparent from a reading of the hearing officer's decision that he believed the specific allegations regarding Mrs. Ingels' conduct which were set forth in the bill of particulars. Indeed the testimony about such conduct came from "credible and trustworthy" witness and was an "accurate depiction" of events which transpired in the classroom. It is equally apparent that the hearing officer did not believe such conduct was sufficient to warrant the termination of Mrs. Ingels. The Board of Education initiated the instant action seeking review of the administrative decision, and after hearing, the Circuit Court of Grundy County entered an order reversing the same. The circuit court held: (1) that the hearing officer's decision was improperly based upon hearsay evidence; (2) that the hearing officer imposed the wrong burden of proof on the School Board; and (3) that the admissible evidence was sufficient to prove cause for dismissal under section 10—22.4 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 10—22.4). These three reasons underlie the circuit court's reversal order. Mrs. Ingels seeks our review of that order.

As previously set out, during December of 1976, Mrs. Ingels was served with notice to remedy deficiencies in her professional performance, including poor planning and presentation of lessons as well as nonexistent or inconsistent administration of classroom discipline. The bill of particulars which followed the notice of charges and dismissal in March of 1977 recited specific examples of Mrs. Ingels' conduct during the months of January, February and March, which illustrated the deficiencies she was previously noticed to remedy. The same bill of particulars recounted other instances of Mrs. Ingels' conduct which supposedly supported the other causes for dismissal enumerated in the March notice. The hearing officer determined that it was the burden of the board of education to support the causes of dismissal with clear and convincing evidence. He further concluded that such a burden was not met by singling out brief instances which appear to discredit Mrs. Ingels' ability. In fact, the hearing officer suggested that such isolated lapses can occur in any teacher's classroom.

■■■ We would agree that except where aggravating circumstances are present, the proof of momentary lapses in discipline and order or of a single day's lesson gone awry is not sufficient to show cause for dismissal of a tenured teacher. (*Allione v. Board of Education* (1961), 29 Ill. App. 2d 261, 173 N.E.2d 13.) The goals of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—11 *et seq.*) would be totally frustrated if the law were otherwise. Yet, where brief instances and isolated lapses occur repeatedly, there emerges a pattern of behavior which, if deficient, will

support the dismissal of a tenured teacher. Where the school board fails, by a preponderance of the evidence, to show that the examples of conduct constitute a pattern of deficiency, then dismissal cannot be permitted.

■■ The peculiar facts complicating this appeal are that the tribunal with primary jurisdiction, the administrative hearing, never passed upon the precise question in issue, *i.e.*, whether the examples of conduct before the tribunal proved by a preponderance of the evidence that a pattern of deficiency existed. Rather, the administrative tribunal determined that there was not clear and convincing evidence of a pattern of deficiency. The burden imposed by these tests is not equal. (McCormick, Evidence §§339-340 (2d ed. 1972).) It was not incumbent upon the School Board to offer clear and convincing evidence, but only proof by a preponderance of the evidence. (*Morelli v. Board of Education* (1976), 42 Ill. App. 3d 722, 356 N.E.2d 438; *Ritenour v. Police Board* (1977), 53 Ill. App. 3d 877, 369 N.E.2d 135.) The hearing officer erred when he required the board of education to do so in the case at bar.

■■ ■ On review by the circuit court, the error at the administrative hearing as to level of proof was noted. The circuit court recognized that the first duty of a reviewing court in a case involving the findings of an administrative tribunal is to determine if the hearing officer applied the proper tests to the evidence presented. (*McCoy v. Board of Fire & Police Commissioners* (1977), 54 Ill. App. 3d 276, 369 N.E.2d 278; *General Electric Co. v. Illinois Fair Employment Practices Commission* (1976), 38 Ill. App. 3d 967, 349 N.E.2d 553, *appeal denied* (1976), 63 Ill. 2d 556.) However, the circuit court went further and determined that the causes for dismissal were demonstrated by the manifest weight of the evidence. We believe that determination was procedurally inappropriate. Where the tribunal with primary jurisdiction applies the wrong standard to the evidence before it, any resulting finding is invalid. Where the record of proceedings from the tribunal with the primary jurisdiction contains no valid findings, there is no decision in the record which can be reviewed. (*Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218.) Where the record of an administrative hearing is clearly inadequate, the case should be remanded even though the power to remand under the Administrative Review Act is discretionary rather than mandatory. *Sanderson v. De Kalb County Zoning Board of Appeals* (1974), 24 Ill. App. 3d 107, 320 N.E.2d 54.

■■ In the matter before us, because hearing officer Adelman did not apply the proper tests, there are no findings in the record subject to review. Because the record is inadequate in this regard, the circuit court should have remanded this cause to the hearing officer so that he might reconsider his decision in light of the appropriate standards.

338

We uphold the decision of the circuit court in that the result of the administrative hearing is set aside. However, for the reasons above set forth, we differ with the disposition of the matter reached by the circuit court and remand to the hearing officer for further consideration consistent with this opinion. No other issues raised in the briefs are likely to recur on remand.

Affirmed in part; reversed in part; remanded.

STOUDER, P. J., and STENGEL, J., concur.