ROBERT KIMBROUGH, Plaintiff-Appellee, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.,* Defendants-Appellants.

First District (4th Division)   No. 84—1297

Opinion filed July 3, 1985.

Patricia J. Whitten, of Chicago (Robert A. Wolf, of counsel), for appellants.

Lawrence A. Poltrock and Mildred F. Hagger, of Chicago (DeJong, Poltrock & Giampietro, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Plaintiff, Robert J. Kimbrough is a teacher employed by the defendant, Chicago Board of Education (board). The board sought his dismissal, charging him with conduct unbecoming a teacher. Dismissal proceedings were conducted before the Illinois State Board of Education, which dismissed the original charge and specification against Kimbrough. On administrative review, the circuit court of Cook County affirmed the decision of the hearing officer. On appeal, the board challenges the standard of proof that the hearing officer used in dismissing the original charge. Also on appeal is a procedural matter which will be related subsequently.

On October 17, 1979, the board filed the instant charge. The original specification to the charge alleged that Kimbrough had solicited on more than one occasion a student, Anthony Evans, to kill the principal and two assistant principals of the high school, where Kimbrough taught, in the summer of 1979. Kimbrough was subsequently charged in a criminal indictment with solicitation to commit murder. By agreement of the parties, the hearing on the dismissal charge was deferred until a resolution of the criminal indictment. In April 1982, Kimbrough was found not guilty of the criminal charges. Dismissal proceedings were subsequently commenced in October 1982.

The evidence presented at the dismissal hearing relating to the original charge and specification consisted primarily of the testimonies of Anthony Evans and Kimbrough. Evans testified that in June 1979, Kimbrough offered him money to kill the principal and two assistant principals. Over the summer, Kimbrough met with Evans several times at various locations to discuss arrangements for the murders. In one instance in June, Kimbrough chauffeured Evans around the south side in Kimbrough's car, showing Evans the homes of his intended victims. Also, in that same month, Kimbrough showed Evans a gun intended for the murders and later that summer asked Evans to procure a silencer for the gun.

The hearing officer, however, noted a number of significant incon-

sistencies between Evans' testimony at the instant hearing and the statements he had made at the earlier criminal trial. The board attempted to establish, through the testimonies of the principal and assistant principals, that Kimbrough had intended to kill the three individuals because they were thwarting Kimbrough's attempts at career advancement. However, the hearing officer ruled that there was no evidence to show that Kimbrough had any reason to believe that his career had been seriously hampered to such an extent as would lead him to commit murder.

Kimbrough testified that he had loaned Janie Evans, Evans' mother and the person who first reported Kimbrough's solicitation of her son, $500 in June 1979. One month later, Kimbrough went to the Evans' home and asked for repayment of the loan. She refused and, while Kimbrough was there, he stated that he had witnessed a drug sale between Mrs. Evans and an unidentified man. While the hearing officer found that there was no evidence to substantiate Kimbrough's claim that he had loaned Mrs. Evans money or that a drug sale had occurred, he noted that as Kimbrough had told members of the PTA, of which Evans was the president, and Mrs. Evans' boyfriend, a Chicago policeman, of the alleged drug sale, Mrs. Evans and her son had sufficient motivation to falsely accuse Kimbrough. The hearing officer concluded that the original charge and specification were not substantiated and dismissed the original charge.

In finding for Kimbrough, the hearing officer stated that he would "base his decision with regard to the guilt or innocence of [Kimbrough] on the presence or absence of clear and convincing evidence." The board contends that the hearing officer erred in requiring that the original charge be proved by clear and convincing evidence and not by the less stringent standard of proof, preponderance of the evidence. In support of its position, the board cites *Board of Education v. Adelman* (1981), 97 Ill. App. 3d. 530, 423 N.E.2d 254, *Chicago Board of Education v. Payne* (1981), 102 Ill. App. 3d 741, 430 N.E.2d 310, and *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69.

■ We believe that the hearing officer was correct in the standard of proof that he chose. *Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303, established that in an administrative proceeding where the conduct charged is criminal in nature the quantum of proof necessary to prove such crime is clear and convincing evidence. In that case, Herman Drezner held a civil service position as a field investigator for the Liquor Control Commission. His discharge was sought on the ground that he had solicited an attempt to obtain a bribe. The hearing board found him guilty of the charges and recommended his dis-

charge. On administrative review, the trial court affirmed. On direct appeal, the Illinois Supreme Court concluded that the decision of the hearing board was contrary to the manifest weight of the evidence. Addressing the standard of proof required in a civil proceeding where the conduct constituting a crime is charged, the supreme court said:

> "[T]he charges in cases of this kind need be proved by only a preponderance of the evidence and need not be proved beyond a reasonable doubt. *Sundquist v. Hardware Mutual Fire Ins. Co.* 371 Ill. 360 [where the reasonable doubt standard was abandoned].
>
> *** While we adopt and hold that the *charge* need only be proved by a preponderance of the evidence, in accordance with the rule heretofore enunciated, we believe that the *evidence of guilt* should be clear and convincing." (Emphasis added.) 398 Ill. 219, 227, 75 N.E.2d 303.

Despite this standard set forth by the supreme court, the *Drezner* decision has been subject to conflicting interpretations by reviewing courts as to the applicable standard of proof in administrative proceedings where criminal conduct has been charged. While a number of appellate court decisions have correctly held that *Drezner* mandates, in administrative proceedings where criminal conduct is charged, proof by clear and convincing evidence (*e.g., Savaglio v. Board of Fire & Police Commissioners* (1984), 125 Ill. App. 3d 391, 396, 465 N.E.2d 1065; *Shallow v. Police Board* (1981), 95 Ill. App. 3d 901, 908, 420 N.E.2d 618; *Wilkey v. Illinois Racing Board* (1978), 65 Ill. App. 3d 534, 538, 381 N.E.2d 1380), *Drezner* has also often been cited as enunciating a preponderance of the evidence standard, even where criminal conduct has been charged (*e.g., Feliciano v. Illinois Racing Board* (1982), 110 Ill. App. 3d 997, 1002-03, 443 N.E.2d 261; *Lazarus v. Pascucci* (1979), 74 Ill. App. 3d 633, 640, 393 N.E.2d 1074; *Ritenour v. Police Board* (1977), 53 Ill. App. 3d 877, 880, 369 N.E.2d 135). *Board of Education v. Adelman,* cited by the board, is exempletive of this latter interpretation of *Drezner.*

Notwithstanding any confusion which may exist in the reviewing courts, we are bound to follow the pronouncement of our supreme court. (*Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1.) We find *Drezner* to be clear that while the charge need only be proved by a preponderance of the evidence, "the evidence of guilt should be clear and convincing." (*Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 227, 75 N.E.2d 303.) In the present case, the hearing officer used the proper standard of proof in finding that the board had failed to substantiate its charge by clear and convincing evidence. The

board on appeal does not argue that the evidence presented at the dismissal proceeding satisfied this standard. Consequently, the finding of the hearing officer is affirmed.

Furthermore, the board's additional authorities, *Chicago Board of Education v. Payne* (1981), 102 Ill. App. 3d 741, 430 N.E.2d 310, and *Board of Education v. Ingels* (1979), 75 Ill. App. 3d 334, 394 N.E.2d 69, are not supportive of its position as these cases do not address the issue presented here. In *Payne,* as the underlying criminal conduct had already been proven, the only issue confronted there was whether the charge had been proven by a preponderance of the evidence. *Ingels* did not involve a charge of criminal conduct.

■ The board also raises a procedural matter. The matter that we just addressed concerned the original charge made against Kimbrough on October 17, 1979. Three years later on October 13, 1982, the board amended the original specification by adding conduct which occurred subsequent to the filing of the original charge. In this instance, Kimbrough is alleged to have solicited another person to murder Anthony Evans and to have failed to report the alleged drug sale Kimbrough claims he had witnessed at the Evans' home. The hearing officer heard these amended specifications along with the original specification. The hearing officer ruled in favor of the board on the amended specifications and made certain rulings concerning back pay.

Both parties sought administrative review. With regard to the original charge that we have previously considered, the circuit court affirmed the dismissal of the original charge and made a finding under Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), thereby making the matter immediately appealable. However, in considering the amended charge and specifications, the court ruled that the hearing officer had improperly tried the amended charge and specifications together with the original charge and reversed and remanded the cause back to the hearing board for a new hearing on the amended charge and specifications. Consequently, as this matter has been remanded for a new hearing, this portion of the judgment is not final and appealable. (*Wilkey v. Illinois Racing Board* (1983), 96 Ill. 2d 245, 449 N.E.2d 843.) Therefore, we will not address the issue the board raises concerning the amended charge and specifications.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.