DWIGHT VIOLETTE, Plaintiff-Appellant, v. THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES et al., Defendants-Appellees.

Fifth District    No. 5—07—0595

Opinion filed March 27, 2009.

Diane M. Goffinet, of Land of Lincoln Legal Assistance Foundation, Inc., of Carbondale, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellees.

JUSTICE WELCH delivered the opinion of the court:

Dwight Violette (the appellant) brought an action in the circuit court of Williamson County pursuant to the Administrative Review Law (735 ILCS 5/3—101 et seq. (West 2006)), to obtain the review of a decision of the Department of Healthcare and Family Services (the Department), which had denied him benefits under the Health Benefits for Workers with Disabilities program. The circuit court affirmed the decision of the Department in an order entered September 28, 2007, and the appellant brings this appeal. For reasons that follow, we reverse the order of the circuit court, vacate the decision of the Department, and remand this cause to that agency for further proceedings.

The Health Benefits for Workers with Disabilities program (the

Program) was implemented by the Department in January 2002 to help persons with disabilities who wish to go to work, or to increase their earnings, to do so without fear of losing their medical assistance benefits. The Department administers the Program pursuant to article V of the Illinois Public Aid Code (305 ILCS 5/5—1 *et seq.* (West 2006)), and the Program was established in section 120.510 of Title 89 of the Illinois Administrative Code (89 Ill. Adm. Code §120.510, added at 25 Ill. Reg. 16098, eff. December 1, 2001). In order to be eligible for benefits under the Program, a person must meet the definition of "disabled" used by the Social Security Administration under the Social Security Supplemental Security Income program. 305 ILCS 5/6—11(c)(2)(A) (West 2006); 89 Ill. Adm. Code §120.314, amended at 22 Ill. Reg. 19875, eff. October 30, 1998. Under the Social Security Supplemental Security Income program, "disability" is defined as follows:

"(a) The law defines [']disability['] as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. To meet this definition, you must have a severe impairment(s) that makes you unable to do your past relevant work (see §416.960(b)) or any other substantial gainful work that exists in the national economy. *** If we find that you cannot do your past relevant work, we will use [your] residual functional capacity assessment and your vocational factors of age, education, and work experience to determine if you can do other work." 20 C.F.R. §416.905(a) (2005).

However, according to the Department's policy memorandum, for purposes of determining eligibility for benefits under the Program, "a person's earnings (substantial gainful activity) will not be considered in the determination of disability status."

The initial determination regarding whether a person is disabled is made by the client assessment unit, which reviews all the medical evidence the client submits in support of his application. An applicant has the right to appeal the initial decision of the client assessment unit and submit additional medical evidence in support of his application. A new determination is then made, and if the application is again denied, the applicant is entitled to a hearing before a neutral hearing officer.

The appellant applied for benefits under the Program on February 2, 2006, but was denied as being not disabled. He appealed and submitted additional medical evidence but was denied again on August 28, 2006. The appellant again submitted additional medical evidence but was again denied as not meeting the definition of "disabled." Finally,

on February 2, 2007, a hearing was held on the appellant's appeal, and the appellant testified on his own behalf. The following evidence was presented in support of his application for benefits.

The appellant was born in 1950, and at the time of his appeal he was a 57-year-old man with an eleventh-grade education and a GED. He had been incarcerated in the Illinois Department of Corrections from 1977 to 2004. He was working at least 40 hours per week installing countertops. The appellant suffers from several medical conditions. In 1988 he was first diagnosed with aortic stenosis, a heart condition. In 1998, he had a pacemaker implanted, but he continued to have medical problems with his heart over the years. He experienced light-headedness, dizziness, fatigue, shortness of breath, heart palpitations, and chest pain on exertion.

In 2003, the appellant underwent an aortic valve replacement and pleural effusion. He continued to experience difficulties related to his heart condition. In 2003, he experienced atrial flutter and underwent a pericardectomy and left thoracotomy. He takes Coumadin to prevent blood clots and must have his blood tested monthly to regulate the dosage. He continues to experience problems related to his heart condition.

The appellant also suffers from hepatitis C, a chronic, incurable condition. Although he is in need of medical treatment, including a liver biopsy, he is not able to afford the tests or treatment.

In June 2005, the appellant suffered an injury to his left leg as a result of a wall falling on him at work. The wound became infected, requiring hospitalization and a period of missed work, but it eventually healed.

At the hearing on his appeal, the appellant testified almost exclusively regarding the problems he suffers as a result of his heart condition and his hepatitis C.

On or about February 16, 2007, the Department issued its final administrative decision, which adopted the findings of fact of the hearing officer and affirmed the Department's denial of benefits to the appellant. The hearing officer's "findings of fact" consist exclusively of photocopies of medical evaluation decisions completed by the client assessment unit. The first decision, completed on or about March 6, 2006, indicates that the appellant's primary diagnosis was a hematoma wound to the left leg and that his secondary diagnosis was arthritis in the knee and hepatitis. The decision briefly noted the appellant's history of heart disease, as well as other medical history, and concluded that the appellant had not demonstrated that he had a condition that precluded his past activities and that he was therefore not disabled.

After the submission of additional medical evidence by the appel-

lant, the client assessment unit issued a second decision, in which it found that the appellant's primary diagnosis was an infected hematoma wound of the left leg, minimal-to-moderate osteoarthritis of the left knee, and back pain and that his secondary diagnosis was aortic valve replacement and pacemaker placement, hematoma, and hepatitis C. This determination seemed to focus on the injury to the appellant's left leg and concluded that, although his condition had caused some restrictions in his ability to function, he had the ability to return to past relevant activities and was therefore not disabled.

The third and final client assessment unit determination, issued November 21, 2006, found the appellant's primary diagnosis to be valvular heart disease and a secondary diagnosis to be minimal-to-moderate arthritis in the left knee, back pain, aortic valve replacement and pacemaker placement, and hepatitis C. Again, the determination concluded that the appellant was not disabled.

We note that the hearing officer made no independent findings of fact. The decision does not even mention the appellant's testimony presented at the hearing. Indeed, the hearing officer's "findings of fact" consist entirely of the determinations of the client assessment unit, which have been "cut and pasted" using a computer into the hearing officer's "findings of fact."

The entire final administrative decision following the findings of fact is as follows:

"Based on the Findings of Fact, the Department has jurisdiction over this appeal.

89 Illinois Administrative Code, Ch. I, Part 120, provides, in part:

[']**Section 120.314 Disabled**

MANG(D)

a) To be eligible for medical assistance as a disabled person an individual must be determined disabled as currently defined by the Social Security Administration. (See 20 CFR 416, Subpart I, April 1, 1984.)

[* * *]

e) Redetermination of disability is a condition [sic] eligibility for individuals who are not applying [sic] or receiving SSI or OASDI benefits.[']

[']**Section 120.510 Health Benefits for Workers with Disabilities**

a) To be eligible for medical assistance under Health Benefits for Worker [sic] with Disabilities, an individual must meet all of the following eligibility requirements:

[* * *]

4) Be disabled as described in Section 120.314.[']

The record of this hearing shows that the appellant has a primary

diagnosis of a left leg hematoma wound and a secondary diagnosis of arthritis in one knee and hepatitis. The objective medical evidence is that the appellant's impairments may cause some limitation in the appellant's ability to perform basic work. All of the appellant's impairments are controlled/treatable with medicines.

The medical evidence is that the appellant's impairment(s) do not meet the criteria as defined by the Social Security guidelines. Therefore, the appellant has not established that he is disabled.

IT IS DIRECTED THAT:

The decision to deny the appellant's medical application filed on February 2, 2006[,] be affirmed."

The final administrative decision contains no discussion of the facts or the law, contains no analysis of how the law applies to the particular facts of the case, and even fails to set forth the correct definition of "disability" under the Program.

We turn first to the hearing officer's "findings of fact," which were adopted by the Department. The Illinois Administrative Procedure Act, to which the Department is subject (see 5 ILCS 100/1—5(a) (West 2006)), provides that a final decision adverse to a party shall be in writing and shall include findings of fact and conclusions of law separately stated and that if findings of fact are set forth in the statutory language, they shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. 5 ILCS 100/10—50(a) (West 2006). While an agency need not make a finding on each evidentiary fact or claim, its findings must be specific enough to permit an intelligent review of its decision. *Ress v. Office of the State Comptroller*, 329 Ill. App. 3d 136, 140 (2002).

The decision of the Department in the case at bar contains no findings of fact. Cutting and pasting into the final administrative decision the determinations of the client assessment unit does not meet the requirements of section 10—50(a) of the Illinois Administrative Procedure Act, set forth above. The final administrative decision contains no independent findings of fact made by the hearing officer after an independent review of the medical evidence and after hearing testimony from the appellant. Where, as in the case at bar, the agency's decision contains no findings of fact, it is simply insufficient to permit an intelligent review of that decision.

We turn next to the Department's statement in its final administrative decision of the appropriate standard to be applied when determining the appellant's eligibility for benefits under the Program. The standard set forth in the Department's final administrative decision indicates that in order to be eligible for benefits, an applicant

must be determined to be disabled as defined by the Social Security Administration, but it fails to set forth the distinction that under the Program, an applicant's substantial gainful activity is not considered in determining eligibility. This seems to us to be a rather important distinction, and we are unable to determine from the Department's final administrative decision whether the Department applied the correct standard to the appellant's application.

The first duty of a reviewing court in a case involving the findings of an administrative agency is to determine if the hearing officer applied the proper tests to the evidence presented. *Board of Education of Minooka Community Consolidated School District No. 201 v. Ingels*, 75 Ill. App. 3d 334, 337 (1979). When the agency with primary jurisdiction applies the wrong standard to the evidence before it, any resulting finding is invalid, and when the record of proceedings from the agency with primary jurisdiction contains no valid findings, there is no decision in the record that can be reviewed. *Ingels*, 75 Ill. App. 3d at 337. Where the record of an administrative hearing is clearly inadequate, the case should be remanded. *Ingels*, 75 Ill. App. 3d at 337.

In the matter before us, because we cannot determine that the Department applied the proper standard to the evidence, there are no adequate findings in the record subject to review. Because the record is inadequate in this regard, the circuit court should have remanded this cause to the Department to reconsider its decision in light of the appropriate standards. See *Ingels*, 75 Ill. App. 3d at 337.

A final administrative decision must articulate the grounds for its decision so that a reviewing court can understand how the decision was reached and can render an intelligent review of that decision. The final administrative decision in the case at bar simply fails to meet this standard. Indeed, we cannot even determine how the Department concluded that the appellant's primary diagnosis is a left leg hematoma wound which, according to the medical records, healed well, rather than his life-threatening heart conditions and hepatitis C. The citizens of our state are entitled to more from our administrative agencies. Whether or not the appellant qualifies for benefits under the Program, the decision is of importance to him and he is entitled to a full and complete review of his application by the Department. He is also entitled to an explanation of the Department's decision that is at least sufficient to allow a review of that decision on appeal to this court. Common sense demands this, as do our statutes and, now, this court.

For the foregoing reasons, the order of the circuit court of Williamson County is hereby reversed, the final administrative decision of the Department of Healthcare and Family Services is hereby vacated,

and this cause is remanded to that Department for further review, evaluation, and decision.

Judgment reversed; final administrative decision vacated; cause remanded to the Department.

CHAPMAN and STEWART, JJ., concur.