2022 IL App (2d) 200460
No. 2-20-0460
Opinion filed March 2, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| GRANT NYHAMMER, as Executive Director of the Northwestern Illinois Area Agency on Aging, | ) ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19-MR-1106 |
| PAULA BASTA, in Her Official Capacity as Director of Aging, | ) ) ) | Honorable Donna R. Honzel, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1   After the Illinois Department on Aging (Department) denied the Northwestern Illinois Area Agency on Aging (NIAAA) administrative hearings on two petitions, plaintiff, Grant Nyhammer, the NIAAA's executive director, filed a *mandamus* complaint seeking an order for hearings on the petitions and other relief. The trial court dismissed plaintiff's *mandamus* complaint for failure to state a cause of action. On appeal, plaintiff argues that the trial court erred by dismissing its complaint. For the reasons that follow, we vacate the trial court's order and remand the matter to the Department for rulings with findings of fact and conclusions of law regarding the NIAAA's two petitions.

¶ 2                                    I. BACKGROUND

¶ 3                                   A. The Parties

¶ 4     Defendant, Paula Basta, is the current director of the Department. The Department is mandated by the Adult Protective Services Act to "establish, design, and manage" a protective services program to assist eligible, adult victims of elder abuse, neglect, self-neglect, and exploitation. 320 ILCS 20/3(a) (West 2018). The Department designates area agencies on aging as regional administrative agencies. *Id.* § 2(i). A regional administrative agency is a public or nonprofit agency in a planning and service area that provides regional oversight in implementing Adult Protective Services Act programs in a geographical region of the state. See *id.*

¶ 5     The Department designated the NIAAA as the regional administrative agency for planning and service area one.[1] The NIAAA is also the area agency on aging (AAA) for planning service and service area one.

> " 'Area agency on aging' means any public or non-profit private agency in a planning and service area designated by the Department, which is eligible for funds available under the Older Americans Act [(42 U.S.C. § 3001 *et seq.*)] and other funds made available by the State of Illinois or the federal government." 20 ILCS 105/3.07 (West 2018).

Plaintiff is the executive director of and general counsel for the NIAAA, a private nonprofit entity.

¶ 6     Under the Older Americans Act Amendments of 2006 (Older Americans Act) (42 U.S.C. § 3001 *et seq.* (2018)), the federal government distributes funds to the states each year. The states use these funds to provide a wide range of services to their " 'older individual[s],' " whom the

---

[1] Area one is comprised of the counties of Jo Daviess, Stephenson, Winnebago, Boone, Carroll, Ogle, De Kalb, Whiteside, and Lee. 20 ILCS 105/3.08 (West 2018).

statute defines as individuals "60 years of age or older." *Id.* § 3002(40). The Older Americans Act requires each state to designate an agency responsible for creating a formula to determine the intrastate distribution of Older Americans Act funds. *Id.* § 3025(a)(1)(A). That state agency must, in turn, divide the state into subdivisions known as "planning and service areas" and must designate an AAA for each planning and service area. *Id.* § 3025(a)(2)(A); see also 20 ILCS 105/3.07, 3.08 (West 2018). In Illinois, the state agency is the Department. Illinois is divided into 13 planning and service areas. 20 ILCS 105/3.08 (West 2018).

¶ 7                                    B. Plaintiff's First Petition

¶ 8     In June 2019, the NIAAA, through plaintiff, filed a petition for a hearing with the Department, alleging that it was responsible for complying with the Older Americans Act and that the Department improperly withheld funding to the NIAAA. In particular, the petition alleged the following. In July 2013, plaintiff e-mailed defendant's predecessor, John Holton, stating that the Department's Adult Protective Services Standards and Procedures Manual (manual) was invalid because the Department enacted the manual without the public notice and comment requirements of the Illinois Administrative Procedure Act (Procedure Act). See 5 ILCS 100/5-40 (West 2012). In October 2013, plaintiff e-mailed Holton again, this time attaching a draft complaint for *mandamus* that the NIAAA was "considering filing" and stating that he hoped to "find a solution [short] of litigation."

¶ 9     In December 2013, Holton sent plaintiff a letter stating that the Department was terminating the NIAAA's grant for fiscal year 2014, effective January 31, 2014, citing a provision of its grant agreement allowing the Department to cancel that agreement "without cause" upon 30 days' written notice. Holton stated that, as of February 1, 2014, the Department would take over as the regional administrative agency for area one.

¶ 10    In April 2019, plaintiff met with defendant and three Department employees, including Betsy Creamer. At the meeting, Creamer told plaintiff that she was given an order to "withhold funding from [the] NIAAA to retaliate for [the] NIAAA's advocacy regarding the Manual." Although Creamer did not say who gave that order, the NIAAA alleged that the Department awarded "$3.79 million in Other Funding" to other area agencies on aging in 2014-2015, while the NIAAA received nothing. The NIAAA sought a hearing on the alleged order to withhold funding, claiming that this was done in retaliation for plaintiff's complaints about the manual.

¶ 11    The nine-count petition alleged that (1) the Department failed to enact administrative rules that comply with article 10 of the Procedure Act (5 ILCS 100/10-5 through 10-75 (West 2018)); (2) the Department violated the Older Americans Act of 2006 by withholding funds from the NIAAA without, *inter alia*, providing due process; (3) the Department withheld funds from the NIAAA for an improper purpose and as retaliation; (4) by withholding funds from the NIAAA for an improper purpose, the Department violated the Older Americans Act by failing to improve the capacity of serving older adults by concentrating resources, act in the clients' best interests, give preference to clients with the greatest economic need, and consider the needs of rural clients (42 U.S.C. §§ 3021(a)(1), 3025(a)(1)(D), 3025(a)(2)(E), 3027(a)(10)); (5) Creamer, acting under the color of state law, deprived the NIAAA of its federal due process right by withholding funds; (6) the Department violated Illinois law by withholding funds from the NIAAA for the improper purpose of interfering with its State mandated advocacy responsibilities (89 Ill. Adm. Code 230.150, adopted at 5 Ill. Reg. 3722 (eff. Mar. 31, 1981)); (7) the Department violated Illinois law by retaliatorily) terminating the NIAAA as the regional administrative agency (Ill. Const. 1970, art. I, § 2; 320 ILCS 20/2(i) (West 2018)); (8) the Department violated Illinois law by improperly terminating the NIAAA as the regional administrative agency, because that action interfered with

2022 IL App (2d) 200460

its state mandated advocacy responsibilities (89 Ill. Adm. Code 230.150, adopted at 5 Ill. Reg. 3722 (eff. Mar. 31, 1981)); and (9) the Department violated Illinois law by withholding funds from the NIAAA under the order given to Creamer.

¶ 12    In July 2019, the Department denied the NIAAA a hearing on its first petition, stating in an e-mail that the petition did not present a contested case.

¶ 13                    C. The NIAAA's Second Petition

¶ 14    In August 2019, the NIAAA, through plaintiff, filed a second petition for a hearing with the Department. This second, five-count petition alleged the following. The Department designated the NIAAA as the AAA for planning service area one and the regional administrative agency for the adult protective services program for area one. As the regional administrative agency for the adult protective services program (program), the NIAAA had broad authority to manage the program, including designating program providers. The Department rejected the NIAAA's designations of providers and, in doing so, improperly intruded on the NIAAA's authority granted by the Illinois General Assembly. In addition, the Department used conflicting standards to govern the program by rejecting the NIAAA's designation and unlawfully managed the program with invalid rules. Also, the Department had no administrative rules for hearings that comply with the Procedure Act, which prevented the NIAAA from receiving a fair hearing on this petition. In June 2019, the NIAAA "designated" adult protective service providers for area one. In July 2019, the Department, through defendant, sent a letter to the NIAAA, stating that it rejected its "recommendations" of providers because of "errors in the instructions and application used for scoring purposes."

¶ 15    Count I of the NIAAA's second petition alleged that the Department violated the Adult Protective Services Act by rejecting the NIAAA's designation of providers, in violation of section

3(b) of the Adult Protective Services Act (320 ILCS 20/3(b) (West 2018)). Count II alleged that the Department unreasonably rejected the NIAAA's designation of providers, in violation of Title 89, Part 270, of the Illinois Administrative Code (89 Ill. Adm. Code 270). Count III alleged that the Department "tainted the process" by unlawfully rejecting the NIAAA's designation of providers. Count IV alleged that the manual was not adopted under the rulemaking process specified in the Procedure Act. Count V alleged that the Department did not have administrative rules for contested hearings that comply with article 10 the Procedure Act.

¶ 16   In September 2019, the Department denied the NIAAA a hearing, again via e-mail, stating that the second petition "did not present a contested case that would support the right to an adjudicatory hearing."

¶ 17                                   D. Plaintiff's *Mandamus* Complaint

¶ 18   On November 5, 2019, plaintiff filed a three-count *mandamus* action against defendant in the trial court. Count I alleged that the Department had a legal duty to enact administrative rules for hearings that complied with article 10 of the Procedure Act and that defendant had not enacted such rules. See 5 ILCS 100/10-5 through 10-75 (West 2018).

¶ 19   Count II alleged that the Department had a duty to provide plaintiff with an administrative hearing on the first petition. Plaintiff incorporated paragraphs of the first petition into count II and attached the first petition to the complaint. The first petition alleged that in July 2013 plaintiff sent an e-mail to the current director of the Department, John Holton. Plaintiff stated that the Department's new manual was invalid and that it should be recalled. In October 2013, plaintiff e-mailed Holton, stating that the NIAAA was considering litigation regarding the manual. In December 2013, Holton sent a letter to plaintiff, stating that the Department was terminating the NIAAA as the regional AAA effective February 1, 2014. The NIAAA received no funding from

the Department for fiscal year 2014-2015. The Department improperly withheld funding for the purpose of retaliation. The first petition also alleged that the Department failed to enact administrative rules for hearings that complied with article 10 of the Procedure Act. See *id.*

¶ 20    Count III alleged that the Department had a duty to provide the NIAAA with an administrative hearing on its second petition. Plaintiff incorporated paragraphs of the second petition into III three and attached the second petition to the complaint.

¶ 21    On February 28, 2020, after hearing argument, the trial court dismissed plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)). Plaintiff filed a "motion to vacate," which the court denied as a motion to reconsider on July 29, 2020. Plaintiff filed a timely notice of appeal on August 17, 2020.

¶ 22                                    II. ANALYSIS

¶ 23                                    A. Initial Matters

¶ 24    Initially, we address plaintiff's motion to vacate the trial court's dismissal of count III based on a recently adopted regulation. See 89 Ill. Adm. Code 230.420(d), amended at 45 Ill. Reg. 10780 (eff. Aug. 10, 2021). The recently adopted amendment to section 230.420(d)(2) provides that the Department will allow appeals by "[a]ny AAA when the Department proposes to: *** [r]eject the AAA's recommendation to designate a service provider." *Id.* Here, there is absolutely no language overcoming the presumption of prospective, rather than retroactive, application. See *Doe Three v. Department of Public Health*, 2017 IL App (1st) 162548, ¶ 37 (the appellate court applied an administrative regulation prospectively because there was no language suggesting retroactivity). Therefore, we deny plaintiff's motion.

¶ 25    In a related motion, plaintiff seeks sanctions against defendant and counsel pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and Rule 361 (eff. Dec. 1, 2021) for delaying

this litigation, making false representations to this court, and concealing the implementation of the recently adopted regulation (see 45 Ill. Reg. 10780 (eff. Aug. 10, 2021)). Plaintiff's motion is premised on the false belief that the recently adopted regulation applies retroactively. Because the enactment of the regulation at issue is not retroactive, it does not affect this litigation, and thus, we deny plaintiff's motion for sanctions.

¶ 26                                B. Standard of Review

¶ 27    Our review in this appeal is guided by the procedural context from which it arose, a motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018)). Motions to dismiss under section 2-615 challenge the legal sufficiency of a complaint, based on defects apparent on its face. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 5. When reviewing whether a motion to dismiss under section 2-615 should have been granted, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. *Id.* The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Id.* A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover. *Id.* An exhibit attached to a complaint becomes part of the pleading for every purpose, including the decision on a motion to dismiss. *Invenergy Nelson LLC v. Rock Falls Township High School District No. 301*, 2020 IL App (2d) 190374, ¶ 14. Where an exhibit contradicts the allegations in a complaint, the exhibit controls. *Id.* Whether the trial court erred in granting or denying a section 2-615 motion presents a question of law and, therefore, our review is *de novo*. *Ferris, Thompson & Zweig, Ltd.*, 2017 IL 121297, ¶ 5.

¶ 28                                C. *Mandamus*

¶ 29    *Mandamus* is an "extraordinary remedy" that compels a public official to perform a purely ministerial duty that does not involve an exercise of discretion. *People ex rel. Berlin v. Bakalis*, 2018 IL 122435, ¶ 16. A court will award *mandamus* relief only when the plaintiff " 'establishes a clear right to the relief requested, a clear duty of the public official to act, and clear authority in the public official to comply.' " (Internal quotation marks omitted.) *Id.* (quoting *People ex rel. Glasgow v. Carlson*, 2016 IL 120544, ¶ 15).

¶ 30                                D. Administrative Review

¶ 31    With administrative cases, we review the administrative agency's decision, not the trial court's decision. *Kildeer-Countryside School District No. 96 v. Board of Trustees of the Teachers' Retirement System*, 2012 IL App (4th) 110843, ¶ 20. The applicable standard of review depends on whether the question presented is one of fact, one of law, or a mixed question of fact and law. *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund of the City of Chicago*, 234 Ill. 2d 446, 463 (2009). An administrative agency's decision on a question of law is not binding on a reviewing court and is subject to *de novo* review. *Engle v. Department of Financial & Professional Regulation*, 2018 IL App (1st) 162602, ¶ 29. In contrast, we will not disturb an agency's findings of fact unless they are against the manifest weight of the evidence. *Id.* ¶ 30. Finally, an agency's conclusion on a mixed question of fact and law is reviewed for clear error. *Id.* ¶ 31.

¶ 32    Further, when, as here, an agency is subject to the Procedure Act, a final decision by the agency "shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." 5 ILCS 100/10-50(a) (West 2018). "Therefore, while an agency is not required to make a finding on each evidentiary fact or claim, its findings must be

specific enough to permit an intelligent review of its decision." *Lucie B. v. Department of Human Services*, 2012 IL App (2d) 101284, ¶ 17.

¶ 33　Here, we determine that the Department's summary dismissals of the NIAAA's petitions and its conclusory statements that the petitions failed to present contested cases were insufficient for meaningful judicial review. A decision that contains no findings of facts "is simply insufficient to permit an intelligent review of that decision." *Violette v. Department of Healthcare & Family Services*, 388 Ill. App. 3d 1108, 1112 (2009).

¶ 34　Defendant argues that the Procedure Act only requires the Department to "adopt rules establishing procedures for contested case hearings." See 5 ILCS 100/10-5 (West 2018). Defendant notes that a contested case is defined as "an adjudicatory proceeding *** in which the individual legal rights, duties, or privileges of a party are required by law to be determined by an agency only after an opportunity for a hearing." *Id.* § 1-30.

¶ 35　Both petitions alleged, *inter alia*, that the Department failed to comply with the Procedure Act because it did not implement rules for administrative hearings as required in article 10 (5 ILCS 100/10-5 through 10-75 (West 2018)).

¶ 36　The Procedure Act's provisions apply to the Department. 20 ILCS 105/5.02 (West 2018) ("The provisions of the Illinois Administrative Procedure Act [(5 ILCS 100/1-1 *et seq.*)] are hereby expressly adopted and shall apply to all administrative rules and procedures of the Department under this Act ***."). The Procedure Act provides that "each agency shall *** adopt rules of practice setting forth the nature and requirements of all formal hearings." 5 ILCS 100/5-10(a) (West 2018). Section 10-5 of the Procedure Act states, "[a]ll agencies *shall* adopt rules establishing procedures for contested case hearings." (Emphasis added.) *Id.* § 10-5. Section 10-10 provides,

"[a]ll agency rules establishing procedures for contested cases *shall* at a minimum comply with the provisions of this Article 10." (Emphasis added.) *Id.* § 10-10.

¶ 37　The NIAAA alleged that defendant failed to adopt administrative rules for hearings that complied with article 10 of the Procedure Act for:

> "a. The qualifications of administrative law judges [(*id.* § 10-20)];
>
> b. The necessary details required in a hearing notice [(*id.* § 10-25)];
>
> c. The disqualification of an administrative law judge [(*id.* § 10-30(b))];
>
> d. Bias or conflict of interest [(*id.*)];
>
> e. What must be included in the record for a contested hearing [(*id.* § 10-35)];
>
> f. The rules of evidence at a hearing [(*id.* § 10-40)];
>
> g. The proposal for decision [(*id.* § 10-45)];
>
> h. What must be in the decision and orders [(*id.* § 10-50)];
>
> i. Expenses and attorney fees in contested hearings [(*id.* § 10-55)];
>
> j. *Ex parte* communications after a notice of hearing [(*id.* § 10-60)];
>
> k. Staying contested hearings for military service [(*id.* § 10-63)];
>
> l. Waiving compliance with [the Procedure Act] [(*id.* § 10-70)]; and
>
> m. Service by email [(*id.* § 10-75)]."

¶ 38　Defendant argues that the Department had no obligation to enact rules pursuant to article 10 of the Procedure Act because the NIAAA had no right to hearings on its first and second petitions. Thus, defendant does not dispute that the Department failed to enact the rules at issue. The Department argues only that the NIAAA was not entitled to hearings because the petitions failed to present a contested case.

¶ 39    The NIAAA's first petition alleged, *inter alia*, that the Department withdrew funding and terminated the NIAAA as an adult service provider for an improper purpose. The NIAAA alleged that the Department took these actions to retaliate against plaintiff after plaintiff told the Department's executive director that the Department's manual was invalid because it was enacted without the public notice and comment requirements of the Procedure Act. See *id*. § 5-40.

¶ 40    The NIAAA's second petition alleged that the Department improperly denied approval of the NIAAA's recommended providers. Section 270.215(b)(1) of the Department's regulations is instructive. That section provides "[t]he Department reserves the right to *** reject recommendations *** of a regional administrative agency in the designation of *** provider agencies; however, the Department will not do so *unreasonably*." (Emphasis added.) 89 Ill. Adm. Code 270.215(b)(1) (2018). The Department's regulations further provide that its approval "shall not be *unreasonably* withheld." (Emphasis added). *Id.* § 270.220(d). Generally, whether a party acted reasonably is a question of fact. See, *e.g.*, *Cole v. Byrd*, 167 Ill. 2d 128, 136-37 (1995) (stating whether medical expenses are reasonable is a question of fact); *Wells v. State Farm Fire & Casualty Insurance Co.*, 2021 IL App (5th) 190460, ¶ 37 ("whether a party has employed *** 'reasonable efforts' is a question of fact"). However, here, the Department made no findings of fact and there was no hearing to allow the presentation of evidence regarding the allegedly unreasonable action.

¶ 41    Here, it is patently obvious that the NIAAA was seeking a determination of its rights, duties, or privileges by seeking a hearing with the Department. Contrary to the enunciated public policy recognizing that there should be some form of administrative review (5 ILCS 100/10-5 (West 2018)), the Department summarily determined that there was no need for a hearing. The

Department denied the NIAAA's petitions without investigation, findings, or explanation, but somehow concluded that the petitions failed to present contested cases.

¶ 42    In doing so, the Department failed and refused to provide a means for administrative review for the determination of the NIAAA's rights, duties, and responsibilities because it failed to grant a hearing where findings of fact and conclusions of law were determined after an opportunity to be heard. See *id.* § 1-30. The Department dismissed the petitions without providing any means to effectively appeal or review the decisions and without enacting rules to even validate its actions. We do not believe that the legislature ever intended a system for the adjudication of rights, duties, or privileges as simplistic as conceived by the Department.

¶ 43    The Department was required to give the NIAAA adjudicatory hearings and determine the merits of its petitions. It refused to do so. We determine that the Department shall grant the NIAAA hearings and render decisions so that, if desired, administrative review may be perfected.

¶ 44                        E. Delay in Proceedings

¶ 45    Finally, plaintiff argues that the trial court erred by unnecessarily causing delays in the resolution of this matter. Because we are reversing and remanding for a hearing on plaintiff's petitions, we need not address this argument.

¶ 46                        III. CONCLUSION

¶ 47    In conclusion, plaintiff's first and second petitions presented contested cases. Therefore, for the foregoing reasons, the order of the circuit court of Winnebago County is reversed, the final decision by the Department is vacated, and this cause is remanded to the Department for further review, evaluation, findings, and decision consistent with this opinion.

¶ 48    Circuit court judgment reversed.

¶ 49    Department decision vacated and remanded.

**No. 2-20-0460**

| | |
|---|---|
| **Cite as:** | *Nyhammer v. Basta*, 2022 IL App (2d) 200460 |
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 19-MR-1106; the Hon. Donna R. Honzel, Judge, presiding. |
| **Attorneys for Appellant:** | Timothy Scordato, of Northwestern Illinois Area Agency on Aging, of Rockford, for appellant. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Carson R. Griffis, Assistant Attorney General, of counsel), for appellee. |